JAMES McDONOUGH v. GEORGE B. HICKEY.
WES KEMP, INTERVENOR.

180 N. W. (2d) 415.

October 2, 1970—No. 42784.

*Mullin, Galinson, Swirnoff & Weinberg* and *William E. Mullin,* for petitioner.

*Nielsen, Stock & Blackburn, Ltd.,* and *Arthur J. Stock,* for intervenor.

PER CURIAM.

Upon motion and affidavit of James McDonough, this court issued an order to show cause why respondent, auditor of Hennepin County, Minnesota, should not desist and refrain from placing the name of Wes Kemp upon the general election ballot in State Senatorial District 42 for the office of state senator. The ground set forth in the motion was that Wes Kemp will not have resided in said district for 6 months immediately preceding the general election. The court granted Kemp leave to intervene by special appearance. Kemp moved the court to dismiss and deny the motion of McDonough and to quash and dismiss the order to show cause and also asserted by his reply and sworn affidavits of others that he is, will be, and has been a resident of District 42 for a period of time longer than 6 months next preceding the general election. His reply was supported in whole or in part by affidavits of five other persons. The motion of McDonough is supported by his own affidavit and that of one other. Thus a fact question is presented, and it would appear that this court would have to appoint a referee and that in all probability the hearing would involve a great number of witnesses and documents. It was undisputed in the hearings before this court that a certificate of nomination had not been issued to Kemp by

the county auditor and that unless a decision is made before October 3, 1970, the orderly processes of the general election would be disturbed. Both of the affidavits in support of McDonough's motion claim knowledge of the facts as early as July 14, 1970, or earlier, to the effect that Mr. Kemp was not then a resident of District 42. Yet no challenge herein was made to Kemp's candidacy prior to the primary. No valid excuse has been given for the delay. As stated in Marsh v. Holm, 238 Minn. 25, 28, 55 N. W. (2d) 302, 304:

"* *·* It is important that such persons move expeditiously so ballots can be printed and distributed according to the requirements of the law."

It is doubtful that an adequate hearing and ultimate determination of the issues in this case could be obtained without interfering with the duties required of the county auditor. Under the circumstances in this case, we decline to assume jurisdiction and must yield determination of Kemp's qualification to the Senate, as permitted and provided for by Minn. Const. art. 4, § 3, in the event he is elected.

The order to show cause is hereby discharged and the proceedings in this case are dismissed.